**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 18, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-41214

UNITED STATES OF AMERICA
                              Plaintiff-Appellee,

versus

FIDEL ARTURO DEL TORO-ALEJANDRE
                              Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(USDC No. 2:05-CV-284)
(USDC No. 2:04-CR-369)

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Fidel Arturo Del Toro-Alejandre, federal number 33407-179, pleaded guilty to possession with the intent to distribute approximately three kilograms of cocaine. In his plea agreement, Del Toro-Alejandre agreed not to appeal his sentence. He also waived his right to attack collaterally his conviction or sentence through any post-conviction proceeding. The district court sentenced him to 60 months of imprisonment. Del Toro-Alejandre did not appeal, but later filed a timely petition under 28 U.S.C. § 2255, arguing that counsel was ineffective for failing to argue that Del Toro-Alejandre was entitled to be sentenced under the

safety valve provision of U.S.S.G. § 5C1.2. He argued that he had truthfully provided the Government with all the information he had concerning his offense and that his attorney was ineffective for failing to challenge the Government's assertion to the contrary.

The district court dismissed Del Toro-Alejandre's petition with prejudice, finding that Del Toro-Alejandre knowingly and voluntarily waived his right to bring a § 2255 motion challenging his sentence. The district court sua sponte denied him a COA. We granted COA "as to whether, in light of *Story*, the district court's sua sponte enforcement of the waiver provision in Del Toro-Alejandre's plea agreement was proper."

I

Our only question is whether the district court may dismiss a section 2255 motion without first determining whether the government will insist that a defendant's waiver of post-conviction relief be enforced. We hold that the district court's sua sponte dismissal was proper.

Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."[1]

---

[1] *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The exception, not relevant here, is where "the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Del Toro-Alejandre did not argue in the district court that his plea agreement was not entered knowingly or voluntarily. Yet he now argues that he pleaded guilty because counsel told him that he qualified for sentencing under the safety valve and therefore his plea was not entered knowingly or voluntarily. Del Toro-Alejandre raised the issue of the voluntariness of his guilty plea for the first time in his COA application, and the district court has not had an opportunity to address it. Therefore, this court did not address this claim in its order granting a COA.

2

However, these waivers are contracts between the parties and as such do not limit the court's jurisdiction.[2]  Relatedly, their enforcement must be asserted by the government or be deemed waived, functioning much like affirmative defenses.

Citing this principle, Del Toro-Alejandre argues that the district court erred in sua sponte enforcing the waiver provision in his plea agreement; that the court should not have enforced the agreement without the government's assertion of contractual rights it bargained for in the plea agreement.

The government replies that it waives its contractual rights only when it fails to invoke a waiver in its brief or expressly declines to rely on a waiver; that a motion seeking relief under 28 U.S.C. § 2255 may, by the terms of the statute, be dismissed without serving the Government where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3]

We agree, but with a word of caution.  The Supreme Court in *Jones v. Bock* recently held that because the PLRA's exhaustion requirement is an affirmative defense, a district court must usually demand from the government an answer raising the defense of exhaustion.[4]   The Court cautioned that the PLRA's screening

---

[2]*United States v. Story*, 439 F.3d at 226, 230 (5th Cir. 2006).

[3]28 U.S.C. § 2255.

[4]*Id.*

requirement "does not justify deviating from the usual procedural practice."[5]  Importantly, however, the Court recognized that the usual PLRA practice would permit a district court to dismiss sua sponte a prisoners complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of his complaint.[6]

Here the district court was not unfaithful to the federal rules of civil procedure.  Section 2255, unlike the PLRA, is the source of the prisoner's claim and has its own attendant procedures.  A claim covered by the PLRA is brought usually under section 1983, and except where the PLRA dictates otherwise, proceeds by the federal rules of civil procedure, including 12(b)(6).[7]  To the point, a prisoner's section 2255 can be dismissed without notice to the government where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[8]

Because under the "usual" procedures of section 2255 the district court must consider "the files and records of the case,"[9] and because the files and records of this case disclose a bargained

---

[5]*Jones v. Bock*, 127 S.Ct. 910, 920 (2007).

[6]*See Jones*, 127 S.Ct. at 920-21.

[7]*Id.* at 919.

[8]28 U.S.C. § 2255.

[9]*Id.*

for waiver of the defendant's right to attack collaterally his conviction or sentence through any post-conviction proceeding, the district court can dismiss sua sponte, much like a PLRA complaint with failure-to-exhaust appearing on its face.[10]

In this result, characterization as an affirmative defense aside, there is an implicit assumption that absent word otherwise the government will seek enforcement of a waiver it bargained for in the case at hand, but under *Bock* we do not assume that the government will insist upon a defense of failure to exhaust. While this difference is because the federal rules of civil procedure are applicable with one and not the other, it also makes practical sense in that failure-to-exhaust is by statute, available across cases, providing no insight into the government's position in any particular case. The waiver provision, in contrast, was bargained for in the case at hand, and it is reasonable to assume that the government will insist on its terms, unless it says otherwise.

Nor is this in tension with our usual practice under *Anders v. California.*[11] It is true that, like a section 2255 motion, an *Anders* brief is served on the Government, but when as is the usual practice the Government does not respond, we still require defense counsel to verify that the Government would enforce the defendant's

---

[10]This reading is also consistent with *Story*, where we noted that neither party's briefs had mentioned the appellate-wavier provision *Story*, 439 F.3d at 229.

[11]386 U.S. 738 (1967).

5

appellate waiver.  This might suggest that the district court should do the same, verifying that the government wishes to enforce a bargained for waiver.  With *Anders*, however, the verification step flows from defense counsel's obligation to zealously defend her client, to chase the chance that the government might not seek enforcement.[12]  A district court, ruling on a 2255 motion, has no such obligation and is entitled to conclude that the government wishes what it bargained for unless it says otherwise.  The judgment of the district court is

AFFIRMED.

---

[12]*United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006).