IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-60256

CHARLES TORNS, JR

Plaintiff-Appellant

V.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; KATHRYN MCINTRYE,
Law Library Technician for Mississippi Department of Corrections and
Mississippi State Penitentiary ILAP; CHRISTOPHER B EPPS,
COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS;
RICHARD PAUL PENNIGTON, Director for Mississippi Department of
Corrections and Mississippi State Penitentiary ILAP; LAWRENCE KELLY,
Superintendent for Mississippi State Penitentiary; LARRY C HARDY,
Mississippi Department of Corrections and Mississippi State Penitentiary
ARP Claims Adjudicator

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:06-CV-00075

Before KING, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 07-60256

Plaintiff-appellant Charles Torns, Jr. appeals the district court's sua sponte dismissal of his complaint against the Mississippi Department of Corrections and its officials for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Because failure to exhaust is an affirmative defense and it is not clear from the face of Torns's complaint whether he exhausted available administrative remedies, we vacate and remand.

I.

Torns is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"). Torns initiated this suit by completing a "Prisoner's Complaint Challenging Conditions of Confinement," the district court's form complaint for inmate suits. Torns alleged a claim under 42 U.S.C. § 1983 that defendants retaliated against him for requesting legal assistance from the Inmate Legal Assistance Program and for exercising his right of access to the courts. In response to Question 7 of the prisoner's form complaint, which seeks information regarding the inmate's exhaustion of administrative remedies,[1] Torns described his attempts to exhaust the prison grievance system. Specifically, on June 27, 2005, Torns filed a request for review in MDOC's Administrative Remedy Program ("ARP"). Torns received no response from any MDOC official after this initial request. Torns then filed his present complaint after the expiration of a ninety-day period from his initial request.

---

[1] Question 7.C prompts:
   The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

Question 7.D continues:
   State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

2

On June 15, 2006, the district court dismissed Torns's complaint because he failed to exhaust the ARP. Citing § 1997e(a), the district court stated that it "must ensure that the plaintiff has exhausted his administrative remedies with the Mississippi Department of Corrections before examining the merits of the plaintiff's case." Finding that Torns "acknowledges that he has not completed the three-step administrative remedy program," the district court rejected Torns's argument that he was prevented from completing the process as "without merit" because "the grievance process requires the plaintiff to complete all three steps, even without a response—and sets forth the method for doing so."[2]

Torns appeals the dismissal. On appeal, Torns argues that under the Supreme Court's intervening decision Jones v. Bock, 549 U.S. 199 (2007), failure to exhaust is an affirmative defense that he was not required to plead, that the expiration of the ninety-day period sufficed to exhaust the ARP, and that defendants' failure to respond to his ARP request precluded his further pursuit of administrative remedies. Thus, Torns claims that the district court erred in dismissing his complaint. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

II.

We review de novo the district court's dismissal of a prisoner's complaint under 28 U.S.C. § 1915A for failure to exhaust administrative remedies. See Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007). Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e et seq., to address the large number of inmate complaints filed in federal courts. See Jones, 549 U.S. at 202. Through the PLRA, Congress intended to "reduce the quantity and

---

[2] Although the typical ARP review may involve three steps, see generally Gates v. Cook, 376 F.3d 323, 330 (5th Cir. 2004), there is no record evidence of the specific ARP available to Torns at the time and place of his grievance.

improve the quality of prisoner suits." See Porter v. Nussle, 534 U.S. 516, 524 (2002). "Among other reforms, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." Jones, 549 U.S. at 202. Under the PLRA, the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see also 42 U.S.C. § 1997e(c)(1) (The court "shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . .").

The PLRA also requires the inmate to exhaust all available administrative remedies, and unexhausted claims may not be brought in federal court. See § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter, 534 U.S. at 532.

After the district court dismissed Torns's complaint, the Supreme Court decided Jones. In Jones, the Court weighed whether § 1997e(a)'s mandate that an inmate exhaust administrative remedies is a pleading requirement that the inmate must satisfy in his complaint, thus allowing the district court to screen a complaint that fails to plead exhaustion, or an affirmative defense that the defendant must plead and prove. 549 U.S. at 204, 212. The Court held that

"failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216. As such, failure to exhaust is not subject to screening for sua sponte dismissal by the district court. See id. at 214 ("There is . . . no reason to suppose that the normal pleading rules have to be altered to facilitate judicial screening of complaints specifically for failure to exhaust.").

Although the district court may not screen a prisoner's complaint for failure to plead exhaustion, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Id. at 215. One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion. In such a case, the district court may sua sponte dismiss the complaint for failure to state a claim. See Carbe, 492 F.3d at 328 (holding that "[u]nder Jones, . . . a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust"); United States v. Del Toro-Alejandre, 489 F.3d 721, 723 (5th Cir. 2007) (holding that Jones "recognized that the usual PLRA practice would permit a district court to dismiss sua sponte an inmate's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of his complaint"). Notably, however, "a district court cannot by local rule sidestep Jones by requiring inmates to affirmatively plead exhaustion." Carbe, 492 F.3d at 328; see also id. (holding that Jones "make[s] clear that a court cannot in a [Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985)] hearing before a responsive pleading is filed resolve the question of exhaustion"). Typically, a defensive pleading asserting the affirmative defense of failure to exhaust is required.

Here, the district court found that Torns failed to complete MDOC's three-step ARP, mandating dismissal under this court's precedent. See Wright v.

Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (holding that plaintiff's administrative remedies are not exhausted unless pursued through conclusion of multi-step administrative procedure). The district court's decision predated both Jones and Carbe, and neither this court nor the district court was clairvoyant. See Carbe, 492 F.3d at 327 & n.6 (noting earlier Fifth Circuit precedent permitting sua sponte dismissal for failure to exhaust). So, the district court erred. Jones undermines the district court's assertion that its job is to ensure exhaustion of administrative remedies through early-stage screening under § 1915A. See 549 U.S. at 215. Moreover, under Carbe, the district court cannot sidestep Jones by requiring plaintiff to affirmatively plead exhaustion. 492 F.3d at 328. Thus, the district court erred by using Question 7 of the prisoner's form complaint to prompt Torns for information about his exhaustion of administrative remedies and by relying on the elicited information.

Whether the district court nonetheless properly dismissed the complaint here thus depends on whether this case qualifies as one of those rare instances where the prisoner's failure to exhaust administrative remedies is clear on the face of the remainder of the complaint. This is not such a case; the remainder of Torns's complaint does not clearly show a failure to exhaust the ARP. It does not mention the ARP other than to allege that defendants failed to process his request or provide a response. Although the district court concluded that the ARP required Torns to complete all three steps, even without receiving a response from anyone at MDOC, the remainder of the complaint does not provide the factual basis for this conclusion.[3]

---

[3] In addition, the record does not contain the version of the ARP applicable to Torns at the time and place of his grievance or any documentation of the specific procedures that MDOC required Torns to follow. For example, even assuming that the three-step process outlined in Gates applied and that Torns's only request was his first one, the court is in no position to resolve whether MDOC allowed an inmate to proceed in the ARP if it refused to process his grievance as a step one request or whether MDOC made available to Torns any envelopes, forms, and instructions that he was required to use in pursuit of step two and step three

Under Jones and Carbe, where the complaint does not clearly show that the inmate failed to exhaust administrative remedies, it is defendants' job to raise and prove such an affirmative defense. This is particularly true here, where defendants possess the necessary information to assure the district court that additional administrative remedies were available to Torns or confirm that they were not. Thus, the proper procedure in this case is to serve defendants and allow them to raise the defense or waive it. The district court erred when it sua sponte dismissed Torns's complaint.

## III.

Because failure to exhaust is an affirmative defense and it is not clear from the face of Torns's complaint whether he exhausted available administrative procedures, we VACATE and REMAND for service of defendants and subsequent proceedings.

---

appeals. In absence of such information, the preferable course is to allow MDOC to produce such evidence if it chooses to raise the affirmative defense.