# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-11015
Summary Calendar

BRADY HICKS, JR

Plaintiff-Appellant

v.

DEPUTY PARKER, Tarrant County Sheriff

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-311

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Brady Hicks, Jr., Texas prisoner # 1254510, appeals the district court's final judgment granting Deputy Parker's motion to dismiss his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust administrative remedies. Hicks contends that the district court improperly went beyond the pleadings and failed to accept the facts alleged in his amended complaint as true, and that he exhausted all administrative remedies available to him in accordance with 42 U.S.C. § 1997e(a). For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the grant of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) de novo. *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994). In reviewing a Rule 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Generally, when ruling on a Rule 12(b)(6) motion to dismiss, the district court may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The court may, however, refer to matters of public record, as well as to documents attached to the complaint. *Id.* at 1343 n.6 (public records); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (documents attached to complaint). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

Hicks alleges that on May 9, 2004, while a pretrial detainee in the Tarrant County Jail (TCJ), he was assaulted by a fellow inmate while restrained in a restraint chair. In his amended complaint, Hicks claimed that the defendants violated his Eighth and Fourteenth Amendment rights by: (1) failing to protect him from being assaulted; (2) failing to train deputies on ways to protect pretrial detainees; (3) failing to enact or follow TCJ policies on protecting restrained inmates from assaults by fellow inmates and other injuries; (4) failing to provide proper medical treatment following the assault; and (5) placing him in a restraint chair.

Under the Prison Litigation Reform Act, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. § 1997e(a). Failure to exhaust is an affirmative defense, and "inmates are not

required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Dismissal may be appropriate, however, where the complaint on its face establishes the inmate's failure to exhaust. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The TCJ provides a two-step procedure for presenting a grievance: (1) an inmate must send a written statement directly to the Grievance Board, which should respond within 60 days, then (2) if an inmate is dissatisfied with the Grievance Board's response, he may appeal in writing to the Inmate Grievance Appeal Board within five days of receiving the written response to his grievance. In his amended complaint, Hicks alleged to have filed grievances complaining of the assault and attached copies of three grievances he filed with the TCJ. The attached grievances arise from and mentions the May 9th assault. Considering that § 1997e does not indicate how specific a prisoner's administrative grievance must be, *see Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004), and that under the 12(b)(6) standard of review all well-pleaded facts must be accepted as true, we will accept Hicks's allegations that he filed a proper grievance for the assault. Therefore, he is deemed to have exhausted the first step of the two-step grievance procedure once the 60-day time period for response expired. *See Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (overruled on other grounds).

However, Hicks admittedly did not file appeals to the Inmate Grievance Appeal Board prior to instituting his § 1983 suit. Hicks contends that the exhaustion requirement was satisfied because TCJ officials never responded to his grievances, but courts may no longer read a futility exception into the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 739-41 & n.6 (2001). Though we have held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired," *Underwood*, 151 F.3d at 295, in *Underwood* the inmate had "timely filed his grievances and appeals at each step of the . . .

3

process." 151 F.3d at 295. Our holding in *Underwood,* therefore, stands for the proposition that an inmate has exhausted administrative remedies when he follows each step of the prison grievance process but never receives a response from the prison. Here, the TCJ grievance process explicitly sets out two steps, and Hicks failed to comply with the second step. Therefore, Hicks's failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Hicks also contends that the district judge demonstrated favoritism and personal bias against him. However, Hicks's conclusional allegation of bias stemming from the adverse rulings is not sufficient to support a finding of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Finally, Hicks contends that the district court erred when it failed to rule on his objections to Deputy Parker's prejudicial statements and Deputy Parker's attempt to reserve the right to file a subsequent motion to dismiss on the basis of qualified immunity. Having determined that Hicks failed to exhaust his administrative remedies, the district court was not required to address these issues. *See* § 1997e(a).

Accordingly, the district court's judgment is AFFIRMED. Hicks's motions to expedite his appeal in accordance with 5TH CIR. R. 27.5, to order the district court to preserve evidence, to tax costs to the losing party, and for the appointment of counsel are DENIED.