**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-10946
Summary Calendar

ROBERT MARTINEZ,

Plaintiff - Appellant

v.

BUS DRIVER, Name Unknown, GEO Employee Lieutenant in Rank;
FEDERAL CORRECTIONAL OFFICER, Name Unknown, GEO Employee;
UNKNOWN WALKER, Correctional Officer, GEO Employee; WARDEN NFN
GOINGS, GEO; LAW LIBRARY SUPERVISOR, Name Unknown,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-463

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Martinez, Texas prisoner # 1188230, appeals the district court's
dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed
Martinez's complaint for a number of reasons, one of which was his failure to
exhaust administrative remedies. Martinez's appeal does not adequately

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenge the district court's dismissal of his suit for failure to exhaust. For this reason, the district court's dismissal is **AFFIRMED**.

## I. BACKGROUND

Robert Martinez filed this pro se suit under 42 U.S.C. § 1983 complaining about various prison conditions to which he was subjected. Martinez alleged that during a fifteen and a half hour bus ride he was denied adequate bathroom facilities in violation of his constitutional rights.[1] Martinez also complained that his rights were violated when prison officials allowed a bus driver with a poor driving history to drive the bus, resulting in an accident in which Martinez contends he was injured. Additionally, Martinez alleges that the law library in his prison is inadequate. The district court reviewed Martinez's complaint and then dismissed all of his claims for three reasons: (1) failure to exhaust administrative remedies; (2) failure to state a claim upon which relief can be granted; and (3) being frivolous.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's dismissal of a prisoner's complaint for failure to exhaust and for failure to state a claim upon which relief can be granted. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). This court reviews under an abuse of discretion standard the district court's finding that Martinez's claims were frivolous. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

## III. DISCUSSION

Martinez's appeal raises two issues for the court. First, the court must determine whether the district court's dismissal was proper. Second, if the

---

[1] Because of our disposition of this appeal, we need not address whether the alleged acts are violations of Martinez's constitutional rights. We in no way condone the type of conduct alleged to have occurred on this bus ride if, indeed, Martinez's allegations are true.

district court's dismissal was proper, the court must then determine whether Martinez's appeal is frivolous. We will address each issue in turn.

A. The District Court's Dismissal

The district court dismissed Martinez's suit because he admitted on the face of his complaint that he failed to exhaust his administrative remedies before bringing suit. Martinez brought this suit by using a form complaint issued by the district court. Question III of the form complaint asked Martinez whether he had exhausted his administrative remedies before bringing suit; Martinez answered, "No." The district court relied upon Martinez's answer to dismiss his suit under 42 U.S.C. § 1997e(a), which requires all prisoners to exhaust their administrative remedies before bringing suit with respect to their prison conditions.

In *Jones v. Bock*, the Supreme Court held that prisoners, under 42 U.S.C. § 1997e(a), "are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. 199, 216 (2007). In *Carbe v. Lappin*, this court stated that a "district court cannot by local rule sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." 492 F.3d at 328. *Carbe*'s prohibition has been interpreted by this court to encompass questions in "form complaints" issued by district courts that are designed to elicit "information about [a prisoner's] exhaustion of administrative remedies." *Torns v. Miss. Dep't of Corr.*, No. 07-60256, 301 F. App'x 386, 389 (5th Cir. 2008)(unpublished)(stating a court cannot consider information regarding exhaustion that is elicited by the court's own form complaint).[2] We need not decide today how far *Carbe's* prohibition extends, because Martinez failed to raise this legal argument in his brief.

---

[2] While unpublished opinions are not precedent, we cite this case as illustrative of how we have addressed this situation in the past.

"'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)). "We will not raise and discuss legal issues that [an appellant] has failed to assert." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In his brief, Martinez does not contest the district court's use of his answer to Question III to dismiss his complaint for failure to exhaust. The only argument in Martinez's brief that can be construed to challenge the district court's exhaustion finding is his reference to letters he sent to various prison officials and agencies about his complaints. Martinez's reference to such letters, even liberally construed, does not give rise to the argument that the district court erroneously considered his answer to Question III. Martinez's failure to raise this legal argument means that he has abandoned it, and we will not consider it. *Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

Since Martinez has failed to adequately challenge the district court's conclusion that he did not exhaust his administrative remedies, the district court's dismissal must be affirmed because Martinez's answer to Question III "makes clear" on the "the [face of his] complaint" that he "failed to exhaust" his administrative remedies before bringing suit. *Carbe*, 492 F.3d at 328; *see Ferrington v. La. Dep't of Corr.*, 315 F.3d 529, 532 (5th Cir. 2002) (affirming a district court's dismissal of a complaint under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies).

B. The Frivolousness of Martinez's Appeal

Because of the potential for a filing bar under 28 U.S.C. §1915, the final question before the court is whether Martinez's appeal is frivolous. In this circuit, "[a]n appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir.

1988); *see also Ozee v. Am. Council on Gift Annuities, Inc.*, 110 F.3d 1082, 1097 (5th Cir. 1997) ("In this circuit, a frivolous appeal is either one that pursues legal points not arguable on the merits or one in which the result is obvious."), *vacated and remanded on other grounds*, 522 U.S. 1011 (1997).

This court has stated that an appeal is "frivolous [when] . . . the result is obvious from the [district court's correct,] comprehensive and decisive exposition of the law." *Coghlan*, 852 F.2d at 810. The district court's opinion below correctly analyzed the relevant statute and case law regarding exhaustion, and its exposition of the law made it clear that Martinez's suit had to be dismissed because of his failure to exhaust. Because the district court was clear on this point of law, it should have been obvious to Martinez that this court would also dismiss his suit because of his failure to exhaust if he did not set forth any cogent reason that the district court's determination was incorrect. Since Martinez's appeal was "taken 'in the face of clear, unambiguous, dispositive holdings of this'" court, his appeal must be deemed frivolous.[3] *Coghlan*, 852 F.2d at 811.

Because Martinez's appeal is frivolous, it counts as Martinez's third strike under 28 U.S.C. § 1915(g).[4] Because Martinez has collected three strikes under 28 U.S.C. § 1915(g), he is now barred from proceeding *in forma pauperis* in any

---

[3] Martinez's appeal might have had some merit if he had raised and adequately briefed a defense to his failure to exhaust. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir. 2001) (stating 42 U.S.C. § 1997e's "exhaustion requirement is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling"). Martinez, however, failed to do so, and because of his failure, he abandoned any such defenses. *See Yohey*, 985 F.2d at 225 (stating that "arguments must be briefed to be preserved").

[4] Martinez received his first strike from this court in *Martinez v. Tex. Dep't Corr.,* 235 F. App'x 335, 335 (5th Cir. 2007). Martinez received his second and third strike in this case, one for the original dismissal and one for the frivolous appeal. *See* 28 U.S.C. § 1915(g) (stating that a strike is to be given when a court dismisses a suit for failure to "state a claim upon which relief may be granted"); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) (counting as two strikes this court's affirmation of a district court's dismissal and this court's dismissal of the subsequent appeal as frivolous).

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

## IV. CONCLUSION

For the reasons stated herein, the district court's dismissal is **AFFIRMED**, and a 28 U.S.C. § 1915(g) **BAR IS IMPOSED**.