# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2010

No. 09-11045
Summary Calendar

Lyle W. Cayce
Clerk

BRADY HICKS, JR.,

Plaintiff-Appellant

v.

DEPUTY/JAILER J. GARCIA, Tarrant County Sheriff,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-311

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Brady Hicks, Jr., Texas prisoner # 1254510, appeals the district court's final judgment dismissing his 42 U.S.C. § 1983 civil rights complaint against Deputy/Jailer J. Garcia for failure to exhaust administrative remedies.  Hicks contends that the district court erred when, sua sponte, it dismissed his claims against Deputy Garcia prior to service of process and without affording notice and an opportunity to respond.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the district court must dismiss an in forma pauperis complaint if, at any time, it determines that the action is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Further, 28 U.S.C. § 1915A requires that the district court screen complaints filed by a prisoner seeking redress from a government officer or employee and dismiss claims that the court determines to be frivolous or malicious, or that fail to state a claim on which relief may be granted.  § 1915A(a), (b)(1).

Under the Prison Litigation Reform Act, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. § 1997e(a).  Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Although district courts may not screen prisoners' complaints for failure to plead exhaustion, they may, sua sponte, "dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). "[We review] a district court's dismissal of a prisoner's complaint for failure to exhaust de novo."  *Id.* at 327.

When he was a pretrial detainee in the Tarrant County Jail (TCJ) and was restrained in a restraint chair, Hicks was assaulted by a fellow inmate.  In his amended complaint, Hicks alleged that he filed grievances complaining of the assault and attached copies of three grievances he had filed while in the TCJ. Hicks also alleged that the TCJ did not maintain a two-step grievance procedure and that TCJ officials never responded to his grievances.

As we have previously noted, "[t]he TCJ provides a two-step procedure for presenting a grievance: (1) an inmate must send a written statement directly to the Grievance Board, which should respond within 60 days, then (2) if an inmate is dissatisfied with the Grievance Board's response, he may appeal in writing to

the Inmate Grievance Appeal Board within five days of receiving the written response to his grievance." *Hicks v. Tarrant County Texas*, 345 F. App'x 911, 913 (5th Cir. 2009); *Hicks v. Deputy Parker*, No. 08-11015, 2009 WL 2762302 at *2 (5th Cir. Sept. 1, 2009) (unpublished). Accepting Hicks's allegations as true, he exhausted the first step of the two-step grievance procedure once the 60-day period for responding had expired. *See Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (overruled on other grounds). Because he did not appeal the Grievance Board's decisions (or lack thereof) by filing a step-two grievance, however, Hicks's failure to pursue his grievance remedy to conclusion constituted a failure to exhaust his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Hicks's amended complaint and our prior decisions make clear that he failed to exhaust his administrative remedies and thus failed to state a claim on which relief may be granted. Therefore, the district court did not err when it dismissed Hicks's claims against Deputy Garcia sua sponte prior to service of process. *See Carbe*, 492 F.3d at 328. The record shows that the exhaustion issue was thoroughly briefed and that Hicks was given adequate notice that his claims were subject to dismissal for failure to exhaust administrative remedies. Finally, the record does not support Hicks's contention that he filed petitions for certiorari in *Hicks v. Tarrant County Texas* and *Hicks v. Deputy Parker*. *See Hicks*, 345 F. App'x at 911; *Hicks*, 2009 WL 2762302 at *1. Accordingly, the district court's judgment is

AFFIRMED.