# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2011

No. 10-30246
Summary Calendar

Lyle W. Cayce
Clerk

RANDY MCDONALD,

Plaintiff–Appellant,

v.

BURL CAIN, Warden; STATE FIRE MARSHALL, Inspect Angola; JAMES M. LEBLANC,

Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-850

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Randy McDonald, Louisiana prisoner # 452858, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). McDonald contends that the district court erred by sua sponte dismissing his complaint, as the form upon which he filed his complaint did not permit him to provide details regarding his allegations. He also argues that the district court erred by failing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to consider his allegation that he could not exhaust administrative remedies regarding the instant claims due to the inadequacies in the prison administrative review process and because his prior complaints and grievances have been met with threats and retaliatory actions.

The defendants did not make an appearance in the district court and, although the Louisiana Department of Public Safety & Corrections was advised by this court's clerk's office of the briefing schedule, the appellees did not file a brief in this matter. This court reviews a district court's dismissal for failure to exhaust administrative remedies de novo. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). As the district court concluded, McDonald was required under § 1997e(a) of the Prison Litigation Reform Act (PLRA) to exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). In *Jones*, 549 U.S. at 216, the Supreme Court held that an inmate's failure to exhaust is an affirmative defense under the PLRA and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones* is a departure from the practice of sua sponte dismissing a complaint for failure to exhaust administrative remedies. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). The prohibition against requiring prisoners to affirmatively plead exhaustion has been further interpreted by this court to encompass questions in "form complaint[s]" issued by district courts that are designed to elicit "information about [a prisoner's] exhaustion of administrative remedies." *See Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008).

Although Jones stated in his complaint that he had not exhausted the instant claims, he provided reasons why he did not exhaust his claims both in the complaint and in his objections to the magistrate judge's report and

recommendation, and he provided documents to support his allegations. While the district court acknowledged the holding in *Jones*, the district court nonetheless relied upon McDonald's responses to the form complaint's questions to determine that McDonald's proffered reason for failing to exhaust was a conclusory statement that was insufficient to establish exhaustion. The district court therefore erred in sua sponte dismissing McDonald's complaint for failure to exhaust. *See Jones*, 549 U.S. at 216; *Carbe*, 492 F.3d at 328; *Torns*, 301 F. App'x at 389. The district court also did not make findings regarding Jones's allegations that his failure to pursue administrative relief should be excused. It would be premature for this court to determine whether McDonald's allegations fall within an exception to the PLRA's exhaustion requirement, or whether an exception is available to McDonald. *See Woodford*, 548 U.S. at 103-04 (BREYER, J., concurring); *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008).

We therefore VACATE and REMAND for service of the defendants and subsequent proceedings.