# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20766
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

July 18, 2017

Lyle W. Cayce
Clerk

DAVID W. LAND,

Plaintiff-Appellant

v.

SHERIFF TOMMY GAGE; LIEUTENANT MYRICK; MONTGOMERY COUNTY SHERIFF'S OFFICE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2607

Before PRADO, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Wayne Land, Texas prisoner # 1915216, appeals the district court's denial of his motion to alter the judgment dismissing his 42 U.S.C. § 1983 civil suit for failure to exhaust and failure to state a claim upon which relief could be granted. In his complaint, Land raised deliberate indifference

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and unconstitutional conditions of confinement claims.  Land has also moved this court for the appointment of counsel.

Although exhaustion is mandatory under the Prison Litigation Reform Act, the Supreme Court held in *Jones v. Bock*, 549 U.S. 199, 211-13 (2007), that exhaustion is an affirmative defense that must be pleaded by the defendant. Courts may not require that prisoners affirmatively plead or demonstrate exhaustion. *Id.* at 213-14, 216.  A district court may still "dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).  However, courts may not sidestep *Jones* by local rule requiring prisoners to plead exhaustion.  *Id.*

Here, the court relied on Land's response to a question on a form complaint, which asked whether he had exhausted all steps of the institutional grievance process.  Land replied "No," and his complaint is otherwise silent as to exhaustion, although he raised various points in his appellate brief in support of an argument that exhaustion was excused.  We have held that reliance on information elicited by such a form complaint effectively put the onus on Land to affirmatively plead and demonstrate exhaustion, contrary to *Jones* and *Carbe.  See McDonald v. Cain*, 426 F. App'x 332, 333-34 (5th Cir. 2011); *Torns v. Miss. Dep't of Corrs.,* 301 F. App'x 386, 389 (5th Cir. 2008).

A prisoner's civil rights complaint may be dismissed at any time if it fails to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).  We review de novo the district court's dismissal of Land's civil rights complaint for failure to state a claim under § 1915A(b), using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

No. 15-20766

Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies, which is primarily done by conducting a hearing under *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), or requesting a more definite statement through a questionnaire. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). The district court erred by dismissing Land's pro se complaint without doing so. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Accordingly, we consider whether Land's "allegations, if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim." *Eason*, 14 F.3d at 9. If, "[w]ith further factual development and specificity" his "allegations may pass . . . muster," we will remand to give him "an opportunity . . . to offer a more detailed set of factual claims." *Id.* at 10.

We conclude that had he been given the opportunity to properly develop his claims, Land could have alleged sufficient facts to state a claim of deliberate indifference that was at least plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Whitley v. Hanna*, 726 F.3d 631, 640-41 (5th Cir. 2013); *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). Specifically, Land contends that jail officials were aware of his harassment by another inmate, against whom Land had offered to testify, and that he suffered both psychological and physical harm as a result, but officials took no steps to move him as requested. Instead, they kept Land in the neighboring cell as "bait" in the hopes of eliciting incriminatory information from the other inmate. Regardless whether Land can ultimately prevail on the merits of his claims, the facts alleged are not "fantastic or delusional," nor are the legal theories of liability asserted "indisputably without merit." *See Eason*, 14 F.3d at 9 n.5 (internal quotation marks and citation omitted).

3

No. 15-20766

Accordingly, the district court's judgment dismissing Land's complaint for failure to exhaust and failure to state a claim upon which relief could be granted is VACATED, and this case is REMANDED for further proceedings consistent with this opinion. Land's motion for the appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

VACATED AND REMANDED; MOTION DENIED.