# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2021

Lyle W. Cayce
Clerk

No. 19-20481

EZRA HERSCHBERGER,

*Plaintiff—Appellant*,

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION;
LIEUTENANT WAYNE E. BREWER, WARDEN OF ESTELLE UNIT;
UNKNOWN OFFICER, ESTELLE UNIT OF TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-02550

Before STEWART, HIGGINSON, and WILSON, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:*

Plaintiff-Appellant Ezra Herschberger, a Texas Department of
Criminal Justice ("TDCJ") inmate proceeding pro se, appeals the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-20481

court's sua sponte dismissal of his complaint, which alleged violations of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act of 1973 (the "RA") by TDCJ officials, for failure to exhaust administrative remedies. Because the district court erred in dismissing Herschberger's complaint sua sponte and in concluding that Herschberger had failed to exhaust his administrative remedies, we vacate and remand.

## I.

Herschberger, who describes himself as visually impaired and hard of hearing, resides in the E-1 wing of the Estelle Unit, a Texas state prison in Huntsville, Texas. According to Herschberger's pleadings before the district court, the E-1 wing is designated for disabled inmates and maintains a policy requiring prison officials to signal certain events, such as the closing of cell doors, using a system of lights and buzzers and by walking a "run."

Herschberger alleges that on September 1, 2017, while he was standing in the doorway of his cell, an unidentified prison officer closed his cell door without signaling. Though Herschberger tried to move out of the doorway once he realized that the door was closing, his left ring finger was caught in the door. Herschberger's fingertip was allegedly severed and his entire fingernail pulled off. Herschberger further alleges that prison officers continue to close cell doors in the E-1 wing without properly signaling.

On September 11, 2017, Herschberger filed a "Step 1 Offender Grievance Form" with the TDCJ. After stating that he is housed in the E-1 wing and noting the date of the complained-of incident, Herschberger explained that his hand was caught in his cell door when the door was closed without any signal, resulting in the loss of his fingertip and fingernail. Herschberger further noted his understanding that officers are required to signal and walk the run before closing or opening cell doors. TDCJ responded to Herschberger's Step 1 grievance on October 5, 2017: "Your complaint has

been noted by this office. Sergeant Cisneros escorted you to medical where you were treated for the injury. Officers are to announce the movement of doors. An injury report was produced including medical notes. No further action is warranted by this office."

On October 11, 2017, Herschberger filed a "Step 2 Offender Grievance Form" with the TDCJ appealing this response. In his Step 2 grievance, Herschberger represented that prison officers continued to fail to signal the closing of cell doors in his wing. TDCJ responded on January 5, 2018: "Risk Management has completed an investigation into your grievance. The issue was correctly answered and resolved at Step 1."

On July 20, 2018, Herschberger filed a complaint against the director of the TDCJ, the warden of the Estelle Unit, and an unknown TDCJ officer in federal district court pursuant to 42 U.S.C. § 1983. Herschberger alleged that defendants had violated the Eighth Amendment, the ADA, 42 U.S.C. § 12131 et seq., and Section 504 of the RA, 29 U.S.C. § 794 et seq., through their failure to ensure the proper signaling of cell door movements in the E-1 wing.

The district court granted Herschberger's motion to proceed in forma pauperis, and Herschberger subsequently responded to the district court's order for a more definite statement. Prior to serving the defendants[1] and without conducting a *Spears* hearing,[2] the district court dismissed

---

[1] The district court docket lists Edward Larry Marshall, of the Office of the Attorney General for the State of Texas, as the attorney of record for the defendants. The Texas Office of the Attorney General has informed us that Marshall did not in fact appear for the defendants, and that no defendant was ever served in this case. A review of the record on appeal confirms that the defendants were never served, nor did any attorney appear for the defendants.

[2] Pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

No. 19-20481

Herschberger's complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court asserted the following bases for its dismissal: (1) Herschberger's ADA and RA claims were dismissed for failure to exhaust administrative remedies;[3] (2) his Eighth Amendment claims were dismissed for failure to state a claim; (3) his claims against the TDCJ director and the prison warden were dismissed for failure to properly allege respondeat superior liability; and (4) and his claims against defendants in their official capacities were dismissed as barred by the Eleventh Amendment and for failure to properly state a *Monell* claim.[4]

Herschberger timely appealed.

## II.

On appeal, Herschberger challenges the district court's dismissal of his ADA and RA claims for failure to exhaust administrative remedies. Herschberger does not brief any arguments he might have against the district court's other grounds for dismissal and has thus waived these issues on appeal. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We generally review a district court's dismissal of a complaint as frivolous under

---

[3] We note that district courts more typically dismiss prisoners' complaints for failure to exhaust administrative remedies as having failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) or § 1915A(b)(1), rather than as frivolous under § 1915(e)(2)(B)(i). *See, e.g.*, *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (stating that a district court may dismiss a prisoner's complaint "for failure to state a claim, predicated on failure to exhaust"); *Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008) (reviewing dismissal of a complaint under § 1915A for failure to exhaust); *Hicks v. Garcia*, 372 F. App'x 557, 557-58 (5th Cir. 2010) (same). Because we apply the same standard of review to a dismissal for failure to exhaust administrative remedies under any of these statutory provisions, we need not consider whether the district court would have more appropriately dismissed Herschberger's complaint for failure to state a claim rather than as frivolous.

[4] Pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

§ 1915(e)(2)(B)(i) for abuse of discretion. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). However, we review a district court's dismissal of a prisoner's complaint for failure to exhaust de novo. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007) (citing *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999)).

III.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §§ 1997e et seq., enacted to help courts more efficiently process prisoner lawsuits, requires federal courts to screen prisoner suits as early as practicable and dismiss complaints that fail to state a claim. *See* 28 U.S.C. § 1915A; *see also* 42 U.S.C. 1997e(c)(1). The PLRA also requires inmates to exhaust all available administrative remedies before bringing a claim to federal court. 42 U.S.C. § 1997e(a). Since Herschberger is a Texas state prisoner, we rely on the grievance procedure of the TDCJ. That procedure requires inmates to complete a two-step process before their claim may be considered exhausted. *See Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009) (per curiam) (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004)).

Consistent with the PLRA, a district court may in some cases dismiss a complaint sua sponte and prior to serving defendants. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B). The Supreme Court has held, however, that the failure to exhaust administrative remedies is an affirmative defense and must generally be pled by defendants in order to serve as the basis for dismissal. *Carbe*, 492 F.3d at 327-28 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Inmates are not required to plead or otherwise demonstrate exhaustion in their complaints. *Id.* at 328. A district court may only dismiss a claim sua sponte based upon failure to exhaust if such failure is "apparent from the face of the complaint." *Id.* at 328 n.9 (citing *Jones*, 549 U.S. at 215).

That is not the case here. Nowhere does Herschberger's complaint indicate that he failed to exhaust his administrative remedies. In fact, though he was not required to do so, Herschberger specifically stated in his complaint that he *had* exhausted his administrative remedies and attached his as-filed Step 1 and Step 2 grievance forms, as the form complaint prompted him to do.[5]

The district court erred by dismissing Herschberger's ADA and RA claims based upon his supposed failure to exhaust, sua sponte and prior to the defendants being served with the complaint. On remand, the correct procedure would be to serve the defendants and allow them to either raise or waive the defense. *See Torns*, 301 F. App'x at 390.

## IV.

In light of our remand, we take this opportunity to observe that the district court may wish to revisit any reasoning that Herschberger had not satisfied the substantive requirements for exhausting his administrative remedies. In its dismissal opinion, the district court acknowledged that Herschberger had completed both steps of the TDCJ's grievance process and described the TDCJ's procedural requirements, with which Herschberger had complied. According to the district court, however, "Herschberger did not complain of a violation of the ADA or RA in his grievance. Therefore,

---

[5] The form complaint used by the district court in this case ("Prisoner's Civil Rights Complaint (Rev. 05/2015)") asks inmates to represent whether they have "exhausted all steps of the institutional grievance procedure" and attach a copy of the "final step of the grievance procedure with the response supplied by the institution." However, again, sua sponte dismissal based on "reliance on information elicited by such a form complaint effectively puts the onus on [the plaintiff] to affirmatively plead and demonstrate exhaustion, [and would be] contrary to *Jones* and *Carbe*." *Land v. Gage*, 693 F. App'x 358, 359 (5th Cir. 2017) (per curiam) (unpublished) (citing *McDonald v. Cain*, 426 F. App'x 332, 333-34 (5th Cir. 2011)); *Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008).

under Fifth Circuit case law, he has not exhausted administrative remedies as to these claims."

Our precedent in *Johnson* established the substantive requirements for a prisoner's grievance to exhaust administrative remedies in the Fifth Circuit. 385 F.3d at 515-523. *Johnson* instructs that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Id.* at 522. Pro se prisoners "need not present legal theories in their grievances," but "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *Id.* at 517, 522. The instructions included with the TDCJ's Offender Grievance Form, which are relevant to whether Herschberger has exhausted his remedies under *Johnson*, direct inmates to state the "who, what, when, [and] where" of their grievance, and do not instruct inmates to provide legal conclusions. *See id.* at 517.

Correspondingly, the basis for Herschberger's ADA and RA claims was the prison officer's alleged failure to ensure the proper signaling of cell door movements, in violation of the prison's procedures for disabled inmates, which allegedly resulted in Herschberger's injury. His Step 1 grievance described this incident and provided TDCJ administrators with a fair opportunity to address the underlying problem. Though Herschberger was unable to identify the specific prison officer involved in the incident (which would be difficult, not least of which because he is visually impaired), he provided the date and specific location of the incident. Herschberger described the incident and the prison officer's failure to signal, noted Herschberger's understanding that this violated prison policy, described the injury suffered as a result, and indicated that Herschberger resides in the E-1 wing (the wing for disabled inmates). This alerted TDCJ administrators to a possible compliance issue involving the prison's signaling procedures for

disabled inmates. Indeed, in its response to Herschberger's Step 1 grievance, the TDCJ expressed no confusion about the particular incident or issue underlying Herschberger's complaint: "Your complaint has been noted by this office. Sergeant Cisneros escorted you to medical where you were treated for the injury. Officers are to announce the movement of doors."

## V.

For the foregoing reasons, the district court erred in its sua sponte dismissal of Herschberger's ADA and RA claims for failure to exhaust administrative remedies, in contravention of Supreme Court and Fifth Circuit precedent. Accordingly, the district court's dismissal of Herschberger's ADA and RA claims for failure to exhaust administrative remedies is VACATED, and this case is REMANDED for service on defendants and subsequent proceedings consistent with this opinion.