# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2021

Lyle W. Cayce
Clerk

No. 19-60251
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AKIDA WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-30

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Akida Williams, federal prisoner # 75251-097, appeals the district court's transfer of his Federal Rule of Civil Procedure 60(b) motion to this court, arguing that the district court erred in characterizing it as an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unauthorized successive motion to vacate his conviction under 28 U.S.C. § 2255.

The district court's transfer order is an appealable collateral order over which we have jurisdiction. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015); 28 U.S.C. § 1631; 28 U.S.C. § 2253(c)(1)(B). We review de novo whether the district court properly construed Williams's purported Rule 60(b) filing as a successive § 2255 motion. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). As an initial matter, we deny the Government's motion to dismiss the appeal as barred by Williams's plea agreement waiver of appeal and collateral review because the Government did not seek to raise it—and the district court did not sua sponte enforce it—in any of Williams's postconviction proceedings. *See United States v. Del Toro-Alejandre*, 489 F.3d 721, 722-24 (5th Cir. 2007).

While Williams's Rule 60(b) motion purportedly challenged the integrity of his habeas proceedings, it explicitly sought vacatur of his sentence rather than to reopen his § 2255 proceedings. However, Rule 60(b) is not a proper vehicle for challenging a criminal judgment; rather, challenges to a criminal judgment are properly brought under § 2255. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (5th Cir. 1998). Furthermore, because Williams's Rule 60(b) motion sought substantive relief on the basis of claims unsuccessfully raised in prior § 2255 motions, the district court properly construed it as an unauthorized successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Because Williams had not obtained prior authorization to file a successive § 2255 motion, the district court lacked jurisdiction to entertain it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Williams further argues that the district court did not warn him, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that it intended to

No. 19-60251

recharacterize his Rule 60(b) motion as a successive § 2255 motion. However, *Castro* only applies to first § 2255 motions, not second or successive § 2255 motions. *See Castro*, 540 U.S. at 383. In this case, the district court recharacterized Williams's Rule 60(b) motion as a second or successive § 2255 motion, not an initial § 2255 motion.

We, therefore, DENY the Government's motion to dismiss and AFFIRM the district court's order transferring the § 2255 motion to this court under § 1631.