**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 5, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40192
Summary Calendar
_____

MILTON CARBE,

                                        Plaintiff-Appellant,

versus

HARVEY LAPPIN, Director of Federal Bureau of Prisons;
TYRONE SILVER, Assistant Regional Director, Federal Bureau
of Prisons; TC OUTLAW, Warden, USP Beaumont, TX; YOLANDA
LAFLORE, Factory Manager Unicor; UNIDENTIFIED WILSON,
SIS, USP Beaumont, TX; UNIDENTIFIED RIOS, Assistant Warden,
USP Beaumont, TX; UNIDENTIFIED MARTIN, Assistant Warden,
USP Beaumont, TX; UNKNOWN (1), Regional Director, South
Central Region of Federal Bureau of Prisons; UNKNOWN (2),
Executive Assistant to Warden TC Outlaw; UNKNOWN (3),
SOI, Unicor; UNKNOWN (4), Captain USP Beaumont, TX;
UNKNOWN (5), All Lieutenants USP Beaumont, TX,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

    Milton Carbe appeals the district court's dismissal without
prejudice of his Bivens[1] complaint for failure to exhaust
administrative remedies. He alleged that he was subjected to
unconstitutional conditions of confinement when the defendants

_____

    [1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403
U.S. 388 (1971).

ignored a mandatory evacuation order and left him and other inmates at the Beaumont prison during Hurricane Rita without, inter alia, adequate food, water, and ventilation.  The court dismissed the complaint sua sponte prior to service on the defendants for failure to exhaust remedies.  First there is a matter of jurisdiction and then we turn to the dismissal for want of exhaustion of remedies.

I

Carbe argues that because he claimed monetary damages and requested a jury trial the magistrate judge lacked jurisdiction. According to the magistrate judge's report and recommendation, the matter was referred to him by the district court for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).  The Supreme Court has interpreted § 636(b)(1)(B) "to authorize the nonconsensual reference of all prisoner petitions to a magistrate [judge]."[2]  The magistrate judge did not enter judgment pursuant to § 636(c), but only made "findings of fact" and "recommendations" pursuant to § 636(b)(1)(B) and did not exceed his statutory authority.

II

Carbe argues that the district court erred in dismissing his complaint for failure to exhaust before a responsive pleading was

---

[2] McCarthy v. Bronson, 500 U.S. 136, 139 (1991)(emphasis in original).

filed. This court reviews a district court's dismissal of a prisoner's complaint for failure to exhaust <u>de novo</u>.[3]

The proper characterization under the Federal Rules of Civil Procedure of the Prison Litigation Reform Act's exhaustion requirement has been uncertain.[4] The Supreme Court recently provided an answer in <u>Jones v. Bock</u>, holding that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."[5] We had held that a district court may dismiss a complaint, <u>sua</u> <u>sponte</u>, for failure to exhaust.[6]

In PLRA cases, district courts in this circuit often hold "<u>Spears</u> hearings" to determine whether a case should be dismissed for various reasons before defendants are served.[7] While <u>Jones</u>, in insisting upon a return to the regular pleading order in the handling of the affirmative defense of failure to exhaust, does not otherwise cast doubt upon <u>Spears</u> hearings, a practice extensively used in this circuit for over twenty years, it does make clear that a court cannot in a <u>Spears</u> hearing before a responsive pleading is filed resolve the question of exhaustion. Any failure to exhaust

---

[3] <u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999).

[4] <u>See</u> <u>Johnson v. Johnson</u>, 385 F.3d 503, 516 n.7 (5th Cir. 2004) (noting the debate but not deciding the question).

[5] 127 S. Ct. 910, 921 (2007).

[6] <u>See</u> <u>Wendell v. Asher</u>, 162 F.3d 887, 889-90 (5th Cir. 1998) (indicating that the district court dismissed for failure to exhaust without a motion from the defendants); <u>Underwood v. Wilson</u>, 151 F.3d 292, 292-93 (5th Cir. 1998) (same).

[7] <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

must be asserted by the defendant.[8]  Under <u>Jones</u>, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.[9]  Here, however, Carbe's complaint is silent as to exhaustion.

It bears emphasis that a district court cannot by local rule sidestep <u>Jones</u> by requiring prisoners to affirmatively plead exhaustion.  It is, at least now it is, an affirmative defense under the Federal Rules, a defense belonging to the state that is waived if not asserted.  To the extent decisions of this court have suggested otherwise, they did not survive <u>Jones</u>.

We must then VACATE the judgment and REMAND.

---

[8] <u>See</u> <u>Aquilar-Avellaveda v. Terrell</u>, 478 F.3d 1223, 1225 (10th Cir. Mar. 5, 2007) ("Because [the prisoner's] complaint was silent as to whether he had exhausted his administrative remedies - which is acceptable under <u>Jones</u> - the district court erred in requesting [the prisoner] to supplement the record on that issue.").

[9] <u>See</u> <u>Jones</u>, 127 S. Ct. at 92-21 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint).