# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10419
Summary Calendar

DANIEL JOSEPH RICHBOURG, JR

Plaintiff-Appellant

v.

DANNY R HORTON, RICHARD E WATHEN; OSCAR E PAUL; MR MCGRATH; G ISENBERG

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-184

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Daniel Joseph Richbourg, Jr., Texas prisoner # 609149, seeks to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint challenging disciplinary proceedings brought against him as frivolous and his claim of retaliation for failure to exhaust his administrative remedies.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Richbourg is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). The district court properly dismissed Richbourg's challenge to the disciplinary proceedings brought against him pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

However, the district court's dismissal of Richbourg's claim of retaliation based on his failure to exhaust his administrative remedies was premature because it was not clear from the face of his complaint that Richbourg had not exhausted all remedies available to him. See Jones v. Bock, 127 S. Ct. 910, 921 (2007); Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007); Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982). Thus, the district court erred in certifying that this claim did not raise a nonfrivolous issue for appeal.

Richbourg's motion to proceed IFP is GRANTED with respect to his retaliation claim. The district court's judgment and certification decision is AFFIRMED with respect to the challenge to the disciplinary conviction; VACATED with respect to the retaliation claim, and the case is REMANDED for further proceedings with respect to the retaliation claim.