IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 06-10451
Summary Calendar

LINDY RAY MATTHEWS

Plaintiff-Appellant

v.

WARDEN L E FLEMING; PAUL CELESTIN; JOHN MILLS; L HUBER; JOSE GOMEZ; J JAACKS; H SOLISE; JOHN DOE; JOHN DOE, 2; DR J CAPPS; OTHERS, names unknown

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1408

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lindy Ray Matthews, former federal prisoner # 97243-079, appeals the district court's dismissal of his pro se suit filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). At the time Matthews filed suit he had already discharged his federal sentence and was a Texas state inmate. Matthews alleges that he was denied proper medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment during his incarceration at the Federal Medical Center in Fort Worth and at Federal Correctional Institution in Seagoville, Texas. Matthews alleges that the defendants were deliberately indifferent to his medical needs and that they retaliated against him after he complained about his medical treatment. He asserts that the defendants ignored his complaints that he had torn rotator cuffs in both shoulders, refused to timely order an MRI of his shoulders, and refused to approve an orthopedic surgeon's recommendation for surgery after an MRI confirmed rotator cuff tears in both shoulders. The defendants were not served.

The district court dismissed Matthews's claims arising before July 2003 as barred by the applicable Texas two-year statute of limitations. The district court also dismissed sua sponte Matthews's claims arising after July 2003 for failure to exhaust, based on Matthews's admission in a questionnaire propounded by the magistrate judge that he had not exhausted his remedies as to those claims.

Matthews also argues that the district court erred in dismissing his post-July 2003 claims for failure to exhaust administrative remedies. In addition, Matthews asserts for the first time that the district court erred in declining to exercise supplemental jurisdiction over his state law claims of negligence and medical malpractice.

In Jones v. Bock, 127 S. Ct. 910 (2007), the Supreme Court held that an inmate's failure to exhaust is an affirmative defense under the Prison Litigation Reform Act and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." This court recognizes that under Jones it is error for a district court to use screening procedures to resolve the question of exhaustion before a responsive pleading is filed. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). Thus, under Jones and Carbe, the district court erred in dismissing sua sponte Matthews's post-July 2003 claims for failure to exhaust, and we therefore vacate that portion of the district court's judgment.

In light of our decision to vacate the district court's dismissal of Matthews's post-July claims, we need not reach the issue whether the district court erred in declining to exercise supplemental jurisdiction over Matthews's state law claims.

Matthews also argues that he is entitled to equitable tolling for his pre-July 2003 claims because his transfers to various facilities within the federal prison system prevented him from asserting his rights. Because Matthews raises this argument for this first time on appeal this court will not consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Matthews also argues the defendants' actions constituted a continuing tort that equitably tolled the limitations period for his pre-July claims. Although this court has recognized that the doctrine may be applicable where an individual suffers an ongoing and persistent injury, rather than a series of discrete injuries, see Pete v. Metcalfe, 8 F.3d 214, 218 (5th Cir. 1993); Petrus v. United States Justice Dept., 18 F.3d 936, 936 (5th Cir. 1994), Matthews is not entitled to relief based on the record presented.

Matthews also asserts that the district court erred in denying his motion to file additional objections to the magistrate judge's report and recommendation. However, Matthews fails to provide any analysis in support of his contention that the district court abused its discretion in denying his motion to file additional objections to the magistrate judge's report and has therefore failed to adequately brief this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the district court's dismissal of Matthews's post-July 2003 claims is VACATED, and the case is REMANDED for further proceedings in light of Jones. The district court's dismissal of Matthews's pre-July 2003 claims is AFFIRMED.