**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-20761
Summary Calendar

BOYCE JOHNSON,

Plaintiff-Appellant

v.

CORRECTIONAL OFFICER; DIANA KUKUA, Warden; BRAD LIVINGSTON,
Executive Director,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2054

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Boyce Johnson, Texas prisoner # 1457313, has appealed the district court's
judgment dismissing his civil rights complaint pursuant to 42 U.S.C. § 1983, in
which Johnson asserted that his constitutional rights were violated when he was
struck on the hand by a female correctional officer while he was incarcerated at
the Byrd Unit of the Texas Department of Criminal Justice, Correctional
Institutions Division (TDCJ). Johnson alleged that the incident occurred on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

November 18, 2007, and he named as defendants a female correctional officer whose name was unconfirmed; Diana Kukua, Warden of the Byrd Unit; and Brad Livingston, Executive Director of the TDCJ. Johnson alleged that the officer's assault caused him severe injury, that the officer's actions were against prison policies, that Warden Kukua allowed the officer to strike him, and that Livingston did not properly monitor the actions of "dangerous guards."

On appeal, Johnson challenges the district court's determination that he failed to properly exhaust his claims by failing to file his first Step 1 grievance within 15 days of the alleged incident. He contends that he did not file his grievance within 15 days of the incident because he was not certain of the officer's name and because he was transferred from the Byrd facility within days of the incident.

Under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." We take "a strict approach" to the exhaustion requirement, *see Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), and we review a district court's dismissal of a prisoner's section 1983 complaint for failure to exhaust *de novo*. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).

Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-93 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84. A district court may as part of its initial screening process dismiss a complaint for failure to state a claim based upon the plaintiff's failure to exhaust only when "the complaint itself makes clear that the prisoner has failed to exhaust." *Carbe,* 492 F.3d at 328.

Texas prisoners must file their Step 1 grievance within 15 days of the alleged incident. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 199 (2007). Johnson's complaint makes clear that he failed to file his grievance within the time required under the TDCJ rules, and therefore the district court did not err in considering whether to dismiss Johnson's claims for failure to exhaust as part of its initial screening process. *See id.* Further, because Johnson has failed to demonstrate sufficient excuse for failing to properly exhaust his administrative remedies, the district court did not err in dismissing Johnson's complaint pursuant to section 1997e(a).

The dismissal by the district court of Johnson's section 1983 complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Johnson is CAUTIONED that if he accumulates three strikes, he may not thereafter proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Accordingly, the judgment of the district court is AFFIRMED; SANCTION WARNING ISSUED.