# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-50877
Summary Calendar

DAVID SIMKINS, also known as David Harold Simkins,

Plaintiff - Appellant

v.

ALLEN BRIDGES, Hays County Sheriff

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-379

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Simkins, Texas prisoner #1487617, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against Hays County Sheriff Allen Bridges alleging that Sheriff Bridges denied him access to a law library during his stay in the Hays County Jail. The district court dismissed Simkins's complaint because he failed to exhaust administrative remedies. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50877

## I.  BACKGROUND

Simkins was incarcerated in the Hays County Jail from April 7, 2008, through June 12, 2008, on charges of forgery and theft for which counsel, Kelly Higgins, was appointed on April 10, 2008.  On April 16, 2008, Simkins filed a grievance against the Hays County Sheriff's Office,  contending that his due process rights were being violated because jail officials were denying him access to law library research material.   In his grievance submission, Simkins failed to indicate that he was proceeding *pro se* in cases other than the criminal matters for which he was being held in the Hays County Jail.

The next day, the jail's Grievance Board issued a decision finding that Simkins was not entitled to use of a law library so long as he was represented by counsel.  Instead of appealing the Grievance Board's decision, Simkins filed suit on May 6, 2008.

## II.  DISCUSSION

### A.     Standard of Review

We review a district court's dismissal of a civil rights claim for failure to exhaust administrative remedies *de novo*.  *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).

### B.     The District Court's Dismissal

On appeal, Simkins challenges the district court's determination that he failed to exhaust his administrative claims against Sheriff Bridges.  Under the Prison Litigation Reform Act of 1995, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1997e(a). Regardless of the relief sought, a prisoner must pursue the prison grievance procedure to its conclusion before filing a  § 1983 suit. *Booth v. Churner*, 532 U.S. 731, 739, 741 n. 6 (2001).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general

2

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

There is a dispute as to which grievance process was in effect when Simkins filed his grievance. Sheriff Bridges contends that the Hays County grievance process in effect when Simkins filed his grievance provided a three-step procedure for presenting a grievance. First, the inmate must deliver a written statement to the Grievance Officer, who then consults with the Grievance Board on which action to follow within ten working days. Second, if the inmate is not satisfied with the grievance response, he must submit to the Jail Lieutenant or Captain a written appeal within five working days. Upon receipt of the appeal, a Grievance Review Board will review the response within ten working days. Finally, the inmate can appeal the decision of the Grievance Review Board to the Sheriff, who must respond within fifteen working days. In contrast, Simkins contends that the Hays County grievance procedure in effect at the time he filed his grievance provided no grievance appeal process and as result the district court erred when it concluded that he failed to exhaust his administrative remedies before filing suit.

The district court found that "regardless of which plan was in effect, plaintiff failed to exhaust administrative remedies." We disagree with this finding. Under the grievance plan that Simkins claims was in effect at the time that he filed his grievance, there was no grievance appeal process available. That grievance plan only provided inmates an appeal for disciplinary matters, not for grievances. A careful review of the record, however, indicates that the Hays County grievance process which afforded inmates appeals during the grievance process was in effect since at least July 26, 2002, well before Simkins arrived at the Hays County Jail. Therefore, Simkins's claims are governed by the grievance process relied upon by Sheriff Bridges.

As detailed above, that grievance process required Simkins to file an appeal to the Grievance Review Board and to Sheriff Bridges prior to instituting his § 1983 suit. The record reveals that he failed to do both. Simkins's alleged ignorance of the proper procedure is not an excuse. *Thomas v. Federal Bureau of Prisons*, No. CIVA CV05-1222, 2006 WL 3861962, at \*2 (W.D. La. Dec. 13, 2006) (holding that a prisoner's "alleged ignorance [of the grievance process] is not an excuse [for failure to follow the grievance process] as no exceptions have been read into § 1997e(a)"). Therefore, Simkins's failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies and his lawsuit is barred under § 1997e(a). *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

## III. CONCLUSION

Having determined that Simkins failed to exhaust his administrative remedies, the district court's judgment is affirmed.