# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2009

Charles R. Fulbruge III
Clerk

No. 09-40383
Summary Calendar

GEORGE HARRY DAVIS, JR.,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; RUDY CHILDRESS, Warden;
UNIDENTIFIED HOLLIFIELD, Food Service Supervisor; UNIVERSITY OF
TEXAS MEDICAL BRANCH; J WELLS, Medical Assistant Administrator;
ANICETO DOMINGUEZ, M.D.; UP DUPREE, Nurse; UP GILDCREST,
Nurse,

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-85

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

George Harry Davis, Jr., a federal prisoner proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his *Bivens* complaint. For the reasons stated below, we affirm in part, vacate in part, and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

Davis is a federal prisoner incarcerated in Beaumont, Texas. On May 25, 2005, while working in the prison bakery, Davis suffered a laceration on his left fifth finger. The incident resulted in a ruptured flexor tendon. The day of his injury, Davis was transported to a local hospital where his injury was sutured. Davis eventually underwent surgery on June 20, 2005 at the University of Texas Medical Branch hospital (UTMB). He was provided pain medication and a splint to stabilize the injury. On several occasions in July and December 2005, Davis underwent physical therapy with a prison therapist.

After exhausting administrative remedies, Davis filed a complaint on February 15, 2006 pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He alleged that the defendants' conduct amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He argued that delays in providing surgery and therapy resulted in increased pain and potentially permanent damage to his left hand. On September 13, 2006, pursuant to a court order, the United States Attorney's Office filed on behalf of the defendants a *Martinez* report[1] responding to the allegations in Davis's complaint. On October 12, 2006, Davis filed, and on August 23, 2007, the district court granted, Davis's motion to amend his complaint. His amended complaint added a claim against Associate Warden Ken Everhart and Food-Service Cook Supervisor Richard Perry, alleging that they forced him to work beyond his documented medical restrictions. To his amended complaint, Davis attached exhibits evincing his pursuit of administrative remedies for the forced work claim.

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Cay v. Estelle*, 789 F.2d 318, 323 n.4 (5th Cir. 1986). Because the *Martinez* report was filed prior to Davis's amended complaint, it responded only to the allegations contained in the original complaint.

The district court construed the *Martinez* report as a motion for summary judgment, which it granted, dismissing the entirety of Davis's case with prejudice. First, it dismissed the claims against the United States and UTMB on sovereign immunity grounds. Second, it dismissed Warden Rudy Childress and Medical Assistant Administrator J. Wells because they lacked personal involvement in Davis's medical treatment. Third, the court concluded that the conduct Davis complained of did not amount to deliberate indifference under the Eighth Amendment. Finally, the court ruled that Davis had not exhausted administrative remedies on his forced work claim and dismissed the claim on that basis. Davis timely appealed.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is appropriate if the submissions show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). When deciding whether a fact issue exists, we review the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. *Hernandez*, 522 F.3d at 560. Even if this court disagrees with the reasons given by the district court, it may affirm a grant of summary judgment on any grounds supported by the record and presented to the court below. *Id*.

## DISCUSSION

Davis makes three main arguments on appeal.[2] First, he argues that the district court erred in finding no Eighth Amendment violation in the defendants'

---

[2] Davis also devotes a portion of his brief to whether defendants Dominguez, Dupree, and Gildcrest are entitled to a qualified immunity defense. Qualified immunity was not asserted by any defendant, nor was it a basis for the district court's judgment. This argument is therefore misplaced.

conduct. Second, he argues that the dismissal of Childress and Wells for lack of personal involvement was erroneous. Finally, Davis contends that, contrary to the district court's conclusion, he did not fail to exhaust his administrative remedies for the forced work claim presented in his amended complaint. Davis does not challenge the district court's decision to dismiss the United States and UTMB on sovereign immunity grounds.

## A. *Deliberate Indifference*

The district court concluded that Davis received adequate medical care and, moreover, that the alleged delays in surgery and therapy were not attributable to any named defendant. On appeal, Davis attributes his surgery delay to UTMB's "policies for surgery referrals" and the prison's "security policies" without specific allegation of wrongdoing by a named defendant. Meanwhile, his brief contains a conclusory assertion that defendants Childress and Wells "ignored" his scheduled therapy appointments. Even if true, that allegation would be insufficient to satisfy the deliberate indifference standard because it does not establish the requisite "culpable state of mind" of the defendants. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("To find that an official is deliberately indifferent, it must be proven that 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))); *see also Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (recognizing a claim for delayed medical care, but only where the deliberate indifference of prison officials results in substantial harm).

Davis's claim is essentially that the provided treatment was inadequate or negligent or both. Yet, as this court has held, "the decision whether to provide additional treatment is a classic example of a matter for medical judgment," and

thus not cognizable under the Eighth Amendment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* We agree with the district court that Davis did not present a genuine issue of material fact that the defendants were deliberately indifferent to serious medical needs with respect to his treatment.

B.     *Lack of Personal Involvement*

Davis argues that the dismissal of Childress and Wells for lack of personal involvement was erroneous because those defendants relied on extant hospital and prison policies that caused delays in his treatment. An individual official may be held liable "only for implementing a policy that is itself [ ] a repudiation of constitutional rights and the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (quotation omitted). Davis does not identify any specific policy allegedly relied upon by Childress or Wells. For that reason, the district court's dismissal of those defendants for lack of personal involvement was not improper.

C.     *Forced Work Claim*

Davis argues that the district court erred in dismissing *sua sponte* his forced work claim due to a failure to exhaust administrative remedies. The forced work claim is based on the alleged conduct of Associate Warden Everhart and Food-Service Cook Supervisor Perry from January to May 2006. Davis alleged that Perry, under direction from Everhart, forced him to continue working in the food service bakery in violation of documented medical restrictions which Davis had provided to Perry. Davis asserted that Perry's and Everhart's conduct subjected him to extreme pain and suffering in violation of the Eighth and Fourteenth Amendments.

Davis presented this claim in an amended complaint, filed by leave of court on August 23, 2007. The district court concluded that Davis had not exhausted his administrative remedies and dismissed *sua sponte* his forced work claim. In *Jones v. Bock*, the Supreme Court held "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. 199, 216 (2007); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Any failure to exhaust must be asserted by the defendant.").[3] The district court erred by *sua sponte* dismissing the forced work claim for failure to exhaust; that dismissal must be vacated and the case remanded for further proceedings.

## CONCLUSION

The judgment of the district court is VACATED insofar as it resulted in the dismissal of Davis's forced work claim. The judgment is AFFIRMED in all other respects, and the case is REMANDED for further proceedings.

---

[3] As noted by the district court, *Jones* left open the possibility that a case may be dismissed "for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe*, 492 F.3d at 328. The district court dismissed the claim on this basis, reasoning that Davis initiated administrative grievances after he filed the *original* complaint. A review of the record, however, shows that Davis did pursue administrative remedies for the conduct underlying his forced work claim prior to seeking leave to *amend* his complaint in October 2006. Moreover, his amended complaint alleges that he did so and includes documentation of his grievances. The district court appears to have ignored the filing of the amended complaint, and its conclusion that "plaintiff could not have exhausted administrative remedies with respect to incidents that took place after the lawsuit was filed" was therefore erroneous.