# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2010

Lyle W. Cayce
Clerk

No. 10-30416
Summary Calendar

CARLOS A. MCGREW,

Plaintiff-Appellant

v.

STEVE BRENTGETSY; JAMES TILLMAN, Major; C. HONEYCUTT, Colonel;
JOE LEMARTINIERE, Warden,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-1022

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carlos A. McGrew, Louisiana state prisoner # 413135, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's dismissal without prejudice of his civil rights complaint for failure to exhaust administrative remedies and from the court's denial of his motion seeking a temporary restraining order (TRO) and a preliminary injunction. McGrew's IFP motion is a challenge to the district court's certification that his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

This court lacks jurisdiction over the denial of McGrew's request for a TRO. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999). McGrew has identified no "extraordinary circumstances" warranting a reversal of the district court's denial of his motion for a preliminary injunction. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

The district court dismissed sua sponte McGrew's civil rights complaint for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). In *Jones v. Bock,* the Supreme Court held that an inmate's failure to exhaust is an affirmative defense and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. 199, 216 (2007). We have interpreted *Jones* to allow a district court to "dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). In *Carbe*, we stated that a "district court cannot by local rule sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." 492 F.3d at 328.

The district court's dismissal of McGrew's complaint based on his failure to exhaust administrative remedies was premature because it was not clear from the face of his complaint that McGrew had failed to exhaust all remedies available to him. *See Jones*, 549 U.S. at 216-17; *Carbe*, 492 F.3d at 328; *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). Thus, the district court erred in sua sponte dismissing McGrew's complaint for failure to exhaust administrative remedies.

McGrew's motion for IFP is granted.  His appeal from the denial of a TRO is dismissed.  The district court's judgment is affirmed with respect to the denial of a preliminary injunction.  The district court's judgment dismissing McGrew's civil rights complaint for failure to exhaust administrative remedies is vacated and the case is remanded for further proceedings consistent with this opinion.

IFP GRANTED; APPEAL DISMISSED IN PART and AFFIRMED IN PART; VACATED and REMANDED.