# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

Lyle W. Cayce
Clerk

No. 10-10152
Summary Calendar

ABEL REYES CASAS,

Plaintiff-Appellant

v.

BRANDON ADUDDELL, Sergeant; NFN CHRISTIAN, Sergeant; M.D. SAVERS, Assistant Warden; JOHN LAVELLE, Doctor; DUSTIM FRAZIER, Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-210

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Abel Reyes Casas, Texas prisoner # 1204752, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint arising from a use-of-force incident that occurred on July 29, 2006. Casas contends that the district court erred in dismissing his claims against defendants Brandon Aduddell and NFN Christian for failure to exhaust administrative remedies. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also contends that the district court erred in dismissing his claims against defendants M.D. Savers, John Lavelle, and Dustim Frazier as frivolous or for failure to state a claim on which relief can be granted.

A prisoner who wishes to file a § 1983 suit for damages against prison officials must exhaust administrative remedies before doing so.   42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  We review de novo a district court's dismissal for failure to exhaust administrative remedies.  *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir.2007).

Casas asserts that (1) he exhausted his administrative remedies when he raised the use-of-force incident in the Step 2 grievance that he filed in grievance # 2006181792, citing the Offender Grievance Manual in support of his argument; (2) he had no control over the grievance number that the grievance investigator assigned to his Step 2 grievance; and (3) the exhaustion requirement discourages prison administrators from responding to Step 2 grievances.  *Id.*  Casas did not present either the Offender Grievance Manual or these arguments in the district court.  "An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling."  *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *see also Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008) (refusing to consider federal prisoner's deliberate medical indifference claim because he failed to raise it in the district court ).  We need not consider the arguments Casas raises in his appellate brief.  *See Theriot*, 185 F.3d at 491 n.26.  Casas has thus failed to establish that the district court erred when it determined that he failed to exhaust his administrative remedies as to defendants Aduddell and Christian.  *See Carbe*, 492 F.3d at 327; *Johnson*, 385 F.3d at 515.

Casas also insists that the district court erroneously dismissed his claims against Savers, Lavelle, and Frazier as frivolous.  Casas asserts that his claims

were not "fantastic or delusional." He alternatively contends that he should have been permitted to amend his complaint.

A district court must sua sponte dismiss a prisoner's in forma pauperis § 1983 complaint if the action is malicious or frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). When a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted, except for plain error, "provided that the party has been served with notice that such consequences will result from a failure to object." *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); *see* 28 U.S.C. § 636(b)(1).

Casas was provided the notice required under *Douglass* in the magistrate judge's report and recommendation, yet he did not file objections to that report and recommendation. We therefore review the district court's dismissal of Savers, Lavelle, and Frazier for plain error. *See Douglass*, 79 F.3d at 1428-29. To show plain error, the appellant must identify an error that is clear or obvious and that affects his substantial rights. *Wright v. Ford Motor Co.*, 508 F.3d 263, 272 (5th Cir. 2007). When the nature of the claimed error is a question of fact, however, the possibility that such a finding could rise to the level of obvious error required to meet part of the standard for plain error is remote. *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

Casas's appeal is based on his contention that the magistrate judge's findings of fact and conclusions of law are erroneous. Casas's argument involves factual questions that could have been resolved had he raised them in the district court. Furthermore, Casas's characterization of the medical treatment he received still does not constitute deliberate medical indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Casas is not entitled to relief on grounds of plain error. *See Robertson*, 70 F.3d at 23.

No. 10-10152

Casas alternatively contends that the district court should have granted him leave to amend his complaint instead of dismissing it. The district court did not err in failing sua sponte to grant Casas leave to amend his complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3368 (2010) (finding that the record before the district court suggested that the plaintiff had pleaded his best case and that leave to amend was not necessary because the facts underlying the complaint did not rise to the level of a viable constitutional claim). Furthermore, Casas has failed to allege any additional facts that would have overcome the deficiencies found by the district court if he had been granted leave to amend. *See id.*

AFFIRMED.