# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

Lyle W. Cayce
Clerk

No. 11-50459
Summary Calendar

SAMMER YASIN,

Plaintiff-Appellant

v.

WARDEN TRAVIS BRAGG; CASE MANAGER PARKS; COUNSELOR ROSALES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-174

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sammer Yasin, federal prisoner # 60562-066, appeals the district court's sua sponte dismissal of his *Bivens*[1] action for failure to state a claim based on Yasin's failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Yasin contends that his failure to exhaust was due to interference by prison officials, that he should have been given notice and an opportunity to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

No. 11-50459

address the exhaustion issue prior to the dismissal of his complaint, and that there is now no administrative remedy available because the time for grieving has elapsed.

We review the district court's dismissal de novo. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). Yasin's complaint alleged that he requested a grievance form from the prison counselor but was never given one. The district court's determination that Yasin had not exhausted his administrative remedies was based on the inference that Yasin had made only a single request and a finding that Yasin had not alleged that prison officials had *refused* to give Yasin the appropriate form. Yasin was not required to plead any allegations with respect to exhaustion. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). As it was not crystalline from the face of Yasin's complaint that he had failed to exhaust his administrative remedies, the district court's dismissal on that ground was premature. *See id.*; *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982).

We therefore VACATE and REMAND for service of the defendants and subsequent proceedings.