# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2013

Lyle W. Cayce
Clerk

No. 12-30762
Summary Calendar

WILLIAM MERCER,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; W.A. SHERROD; UNITED STATES BUREAU OF PRISONS; STAFF OF UNITED STATES PENITENTIARY POLLOCK; OFFICER WILLIS; OFFICER MUFFET,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1501

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, William Mercer, federal prisoner # 15996-016, appeals the dismissal, for failure to exhaust administrative remedies, and alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e), of his civil complaint, filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mercer asserts he should not have been required to exhaust his administrative remedies because the documents proving exhaustion were lost or destroyed by prison officials. Dismissal of a prisoner's complaint for failure to exhaust administrative remedies is reviewed *de novo*. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). Because failure-to-exhaust is an affirmative defense—not a pleading standard—the district court erred in *sua sponte* dismissing Mercer's claims on this basis absent a responsive pleading from the Government. *Jones v. Bock,* 549 U.S. 199, 212-14, 216 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

On the other hand, the district court was authorized to dismiss the claims on the alternative basis that they were frivolous, and thus subject to dismissal, without first requiring the exhaustion of administrative remedies. 42 U.S.C. § 1997e(c)(2).

Mercer does not address on appeal the district court's determination that he failed to show any prejudice to his legal position as a result of prison officers' alleged tampering with his mail and legal documents. Nor does he address his conclusory allegations of retaliation made in his complaint based on the alleged tampering with his motion sent to the Washington, D.C., appellate court. Therefore, he has abandoned the claims he raised in district court. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Mercer's claims of retaliation, based on the delay in the district court's receiving his objections to the magistrate judge's report and recommendation, are also frivolous: such claims require plaintiff to allege, as a threshold matter, a specific constitutional injury. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). He has not done so.

Finally, Mercer erroneously contends the magistrate judge determined all seven of his pending actions at one time. In a prior order directing Mercer to amend his complaint, the magistrate judge noted the instant complaint was the sixth of seven civil complaints filed by Mercer. The magistrate judge's report

and recommendation addressed only claims raised in the instant complaint. Therefore, this contention is also frivolous.

Because the appeal is frivolous, it is dismissed. 5th Cir. R. 42.2. Both the district court's dismissal of the complaint, and our court's dismissal of the appeal, as frivolous count as strikes under 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mercer filed two prior civil rights actions which were dismissed as frivolous, resulting in a total of four strikes. *See Mercer v. United States*, No. 11-CV-1498 (W.D. La. 6 Nov. 2012); *Mercer v. United States*, No. 11-CV-1505 (W.D. La. 15 May 2012).

Because Mercer has now accumulated three or more strikes, he may not proceed *in forma pauperis* in any civil action or in the appeal of a judgment in a civil action while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). He is warned to review all pending matters, and to withdraw any that are frivolous or repetitive. He is further warned that his pursuit of any frivolous or repetitive actions may subject him to additional and progressively more severe sanctions. *E.g.*, *Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir. 1994).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; FURTHER SANCTION WARNING ISSUED.