# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2013

Lyle W. Cayce
Clerk

No. 12-40613
Summary Calendar

TOMMY JAMES HORNE,

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH, Medical Care Provider; ELENA ESTEFAN, Optometrist,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-281

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Thomas James Horne, federal prisoner # 10536-078, appeals from the dismissal of his civil rights action as frivolous and for failure to state a claim.

Because Horne is a federal prisoner, we construe his action as arising under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As to the University of Texas Medical Branch (UTMB), the judgment is affirmed because it is a state agency that is immune from damages

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

actions pursuant to the Eleventh Amendment. *See Lewis v. Univ. of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011).

As to Dr. Elena Estefan, the judgment is vacated and the case is remanded. First, it is unclear from the face of the complaint whether Horne exhausted prison administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that exhaustion is an affirmative defense that prisoners cannot be required to plead or prove exhaustion); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (allowing dismissal for failure to exhaust when it is plain from the face of the complaint). Second, Horne's allegation that Dr. Estefan discovered a detached retina, did not treat it, and did not tell him about it, leading to a one-year delay in treatment, is sufficient to state a claim of deliberate indifference to his serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.