# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2014

Lyle W. Cayce
Clerk

JAY ANTHONY NOTTINGHAM, also known as Jay Nottingham, also known as Jay Thrasher, also known as James Andrew Armstrong, also known as Jeff Andrew Montgomery, also known as Jeffrey Montgomery, also known as Jay Dillan, also known as Sterling Armstrong Harrison, also known as Jay Dillian, also known as Jay Hamilton Sterling, also known as Jay Anthony Mottingham, also known as Jay Nothingham, also known as Hunter O'Brian, also known as Jay A. Nottingham, also known as Jeffery Andrew Montgomery, also known as Sterling Harrison, also known as Jay Anthony Nuttingham,

Plaintiff-Appellant

v.

JOEL FINSTERWALD, Sheriff of Wheeler County; CARRIE GAINES, Wheeler County Jail Administrator; WHEELER COUNTY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CV-23

Before STEWART, Chief Judge, and SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10398

Jay Anthony Nottingham, former Texas prisoner # 1490726, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. Proceeding with the parties' consent pursuant to 28 U.S.C. § 636(c), the magistrate judge (MJ) granted Defendants' motion for summary judgment and dismissed Nottingham's complaint without prejudice.

We review a summary judgment ruling de novo, using the same standard employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Pursuant to the Prison Litigation Reform Act (PLRA), "prisoners must properly exhaust 'such administrative remedies as are available' prior to filing a section 1983 action concerning prison conditions." *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)). When a defendant asserts the affirmative defense of exhaustion, the district court should rule on this issue before allowing the case to proceed to the merits. *Id.* at 272-73. In making this ruling, the district court may act as the factfinder and resolve disputed facts concerning exhaustion without the participation of a jury. *Id.* We review the district court's ruling on exhaustion de novo and its factual findings for clear error. *Id.* at 273.

Failure to exhaust administrative remedies is an affirmative defense that can be waived if not asserted by the defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). The MJ correctly concluded that Defendants did not waive the defense because they raised it at a pragmatically sufficient time and Nottingham was not prejudiced in his ability to respond. *See Vanhoy v. United States*, 514 F.3d 447, 450-51 (5th Cir. 2008).

The MJ was permitted to resolve the disputed factual issues regarding exhaustion without the participation of a jury. *See Dillon*, 596 F.3d at 272-73. The MJ found that that Nottingham did not file or attempt to file any

2

grievances as he stated in his original complaint. This finding was plausible in light of the timing and contradictory nature of Nottingham's later assertions that he did file grievances as well as Defendants' evidence setting forth the grievance procedure at the Wheeler County Jail and Nottingham's knowledge of and failure to avail himself of this procedure. Therefore, the MJ's finding that Nottingham did not exhaust his administrative remedies was not clearly erroneous. *See id.* at 272-73.

As to his remaining arguments, Nottingham offers only unsupported assertions regarding the availability of administrative remedies once he was transferred to another jail. The "extraordinary circumstances" of his case, which he asserts necessitated his transfer from the Wheeler County Jail to a facility that could house a disabled pretrial detainee, do not excuse his failure to exhaust. *See Dillon*, 596 F.3d at 270. The MJ did not err by dismissing Nottingham's complaint for failure to exhaust administrative remedies.

The judgment is AFFIRMED.