# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2020

Lyle W. Cayce
Clerk

No. 19-40338
Summary Calendar

Leslie Redmond,

*Plaintiff—Appellant,*

*versus*

Richard Dortch, Lieutenant; D. Barnett; T. Satcher; D. Spann; FNU Tenner; Donald Hadnot,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-70
USDC No. 1:15-CV-71

Before Haynes, Willett, and Ho, *Circuit Judges.*

Per Curiam:*

Leslie Redmond, federal prisoner # 31204-177, filed a pro se *Bivens* suit, asserting the following claims against various federal prison officials: (1)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40338

FNU Tenner acted with bias during Redmond's disciplinary hearing; (2) Terry Satcher and Dwayne Spann retaliated against Redmond for filing grievances; (3) Richard Dortch retaliated against Redmond by falsifying an exaggerated report; and (4) Donald Hadnot acted with deliberate indifference to Redmond's health and safety and committed a malicious assault against Redmond.[1] The district court granted summary judgment to the prison officials, concluding that Redmond had failed to exhaust his available administrative remedies. We affirm.

## I

We review summary judgment de novo. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is no genuine issue for trial "[i]f the record, taken as a whole, could not lead a rational trier of act to find for the non-moving party." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). We review de novo the dismissal of a federal prisoner's *Bivens* complaint for failure to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).

## II

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust available administrative remedies before bringing suit. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

According to Redmond's complaint, D. Barnett is a supervising lieutenant, but Redmond did not name D. Barnett as a defendant in his complaint.

state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). Exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted).

Redmond is subject to the Federal Bureau of Prison's four-step grievance process. 28 C.F.R. §§ 542.13–15. To meet the exhaustion requirement for his *Bivens* claims, Redmond must have exhausted all four steps: (1) informal resolution of the issue with prison staff; (2) formal administrative remedy request to the Warden; (3) appeal to the Regional Director; and (4) national appeal to the Office of General Counsel. *Id.*

A review of Redmond's administrative grievance forms shows that Redmond failed to exhaust his administrative remedies as to all his claims. For his claims against Tenner, Satcher, Spann, and Dortch, Redmond never submitted any administrative appeals or remedies that name or mention these defendants. As to the remaining claim against Hadnot, while Redmond did submit an administrative appeal regarding his alleged assault by Hadnot, Redmond did not fully exhaust his remedies because he never completed the fourth and final step of appeal to the Office of General Counsel. The district court properly dismissed these claims for failure to exhaust.

For all these reasons, we AFFIRM summary judgment for the federal officers.