# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2021

Lyle W. Cayce
Clerk

No. 20-60180
Summary Calendar

Larry Lewis,

*Plaintiff—Appellant*,

*versus*

John Doe, I, South Mississippi Correctional Institution CID Officer(s); Amber McGee; John Doe, *Corrections Investigation Division*; James Cooksey; Dyna Hartfield; Regina Reed, *Warden*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CV-363

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Larry Lewis, Mississippi prisoner # 76756, filed a complaint under 42 U.S.C. § 1983 against various prison officials, alleging that they violated the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60180

Eighth Amendment by failing to protect him from a group of inmates that physically attacked him. On motion by the defendants, the district court dismissed his complaint without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Lewis timely appealed and filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied his IFP motion and certified that his appeal was not taken in good faith.

Challenging the district court's certification, Lewis moves for leave to proceed IFP on appeal. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If the court upholds the district court's certification, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, if the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

In accordance with the Mississippi Department of Corrections Administrative Remedy Program (ARP), Lewis filed a grievance in which he requested monetary damages and asked for criminal charges to be filed against a prison official. However, his grievance was rejected during the screening process on the grounds that the ARP did not have the authority to grant the relief he requested. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). Even where an inmate seeks monetary damages that are unavailable through the ARP, the PLRA nonetheless

requires the inmate to exhaust "available remedies, whatever they may be." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (internal quotation marks omitted); *see also Booth v. Churner*, 532 U.S. 731, 738-41 and n.6 (2001).

The defendants asserted failure to exhaust, and it is clear from Lewis's complaint and its attachments that he failed to exhaust his remedies before filing suit. Thus, the district court did not err in dismissing his complaint on that basis. *See Carbe v. Lappin*, 492 F.3d 325, 327-28 (5th Cir. 2007). Lewis's failure to exhaust is not excused by the fact that he chose to seek only relief that the ARP could not provide, *see Wright*, 260 F.3d at 358, nor is it excused because his claims arise under the Eighth Amendment, *see Porter v. Nussle*, 534 U.S. 516, 532 (2002).

For the foregoing reasons, Lewis has not shown that there is a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Therefore, the district court did not err in holding that Lewis's appeal was not taken in good faith. *See id*. at 219-20. Lewis's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Lewis is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).